UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00816-FDW-SCR

| | |
|---|---|
| LEE S. JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GAYATRI JETHANAND MANJANI et al, )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on several pending motions including Defendant Progressive Southeastern Insurance Company's ("Progressive") Motion to Dismiss, (Doc. No. 3); Defendants Gayatri Jethanand Manjani ("Manjani") and Vijay Parmanand Gurnami's ("Gurnami") Motion to Dismiss, (Doc. No. 16); *Pro Se* Plaintiff Lee Johnson's Motion to Strike, (Doc. No. 19); and *Pro Se* Plaintiff's Motion for Leave to File an Amended Complaint, (Doc. No. 25). These matters have been fully briefed, (Doc. Nos. 4, 17, 18, 20, 23, 24, 26), and are ripe for ruling. For the reasons set forth below, Plaintiff's Motion to File an Amended Complaint is DENIED; Defendant Manjani and Gurnami's Motion to Dismiss is GRANTED; and all remaining motions are DENIED AS MOOT.

## I. BACKGROUND

On July 31, 2021, Plaintiff and Defendant Manjani were in a car accident. As plead, Defendant Manjani switched lanes and ultimately struck Plaintiff's vehicle head on. (Doc. No. 1, p. 2.) The vehicle Defendant Manjani was driving at the time of the accident was owned by Defendant Gurnami. The accident resulted in both damage to Plaintiff's vehicle and injury to his body. (Id.) Subsequently, Plaintiff filed this matter.

1

## II. STANDARD OF REVIEW

### A. Amendment of Complaint

The amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. In pertinent part, Rule 15 provides:

> (a) . . . A party may amend its pleading *once as a matter of course* within:
>
> > (A) 21 days after serving it, or
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1) (emphasis added). Where a party seeks to amend his complaint more than once as a matter of course, Rule 15(a)(2) permits amendment only with the defendant's written consent or the court's leave. However, Rule 15(a)'s "permissive standard" provides that such leave should be freely given by the court "when justice so requires." Ohio Valley Envtl. Coal., Inc. v. Hernshaw Partners, LLC, 984 F.Supp.2d 589, 592 (S.D.W.Va. 2013) (quoting Fed. R. Civ. P. 15(a)(2)). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc); see Conley v. Gibson, 355 U.S. 41, 48 (1957).

Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)); see also Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010). The grant or denial of a motion for leave to amend a pleading is committed to the sound discretion of the trial court. See Foman v. Davis, 371 U.S. 178, 182 (1962); Equal Rights Ctr., 602 F.3d at 603.

B.     **Motion to Dismiss[1] for Lack of Jurisdiction**

"The United States Courts are courts of specifically limited jurisdiction and may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). Before a court can rule on any other issue, "questions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case." Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (internal quotation marks omitted). If there is doubt whether such jurisdiction exists, the court must "raise lack of subject-matter jurisdiction on its own motion," without regard to the parties' positions. Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); see also Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (noting federal courts are independently obligated to determine whether subject matter jurisdiction exists, "even when no party challenges it"); Mansfield, Coldwater & Lake Mich. Ry. v. Swan, 111 U.S. 379, 382 (1884).

Thus, it is well-settled that lack of subject matter jurisdiction may be raised at any time by a litigant or the court *sua sponte*. See, e.g., id. at 384. Finally, "[n]o party can waive the defect, or consent to [subject matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wis. Dept. of Corrs. v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt.").

---

[1] "When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). At the same time, however, the Court should not "assume the role of advocate for the pro se plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted).

Federal district courts retain original subject matter jurisdiction when, among other specific scenarios expressed in Title 28 of the United States Code, either (1) the complaint raises a federal question under 28 U.S.C. § 1331, or (2) the requirements for amount in controversy and diversity of citizenship are met under 28 U.S.C. § 1332. The party asserting jurisdiction bears the burden of proving subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

### III. DISCUSSION

#### A. Plaintiff's Amended Complaint

The Court must first determine which of Plaintiff's Complaints, if any, are appropriately before the Court. Plaintiff initiated suit by filing his original Complaint on November 30, 2023, (Doc. No. 1). On January 4, 2024, Defendant Progressive filed an Answer and Motion to Dismiss. (Doc. Nos. 3, 5.) On May 7, 2024, Defendants Manjani and Gurnami filed a Motion to Dismiss. (Doc. No. 16.) On July 8, 2024, Plaintiff filed his First Amended Complaint. However, the Amended Complaint does not comport with the requirements under Rule 15(a) of the Federal Rules of Civil Procedure. The Amended Complaint was filed well after service of both Rule 12(b) Motions. Furthermore, the Court denies Plaintiff's request to amend as any amendment would be futile.[2]

#### B. Subject Matter Jurisdiction

This Court lacks jurisdiction to hear this case. Plaintiff's Complaint alleges state law claims of negligence. Thus, no federal question is present to establish jurisdiction through a federal question. Additionally, the Complaint alleges both Plaintiff and Defendants are citizens and residents of North Carolina. Therefore, complete diversity of citizenship is lacking. Accordingly,

---

[2] Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001); see also Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002) (noting that the court should rule on a motion for leave to amend a complaint before deciding a motion to dismiss that same complaint because allowing leave to amend renders the motion to dismiss moot).

4

the Court does not have subject matter jurisdiction over Plaintiff's claims and the Complaint must be dismissed.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint, (Doc. No. 25), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Manjani and Gurnami's Motion to Dismiss, (Doc. No. 16), is **GRANTED**. The Complaint is **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant Progressive Southeastern Insurance Company's Motion to Dismiss, (Doc. No. 3), is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike, (Doc. No. 19), is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: August 2, 2024

_Frank D. Whitney_
Frank D. Whitney
United States District Judge